# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH JENSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 06 C 0811 |
| v. ) | |
| ) | Judge George M. Marovich |
| UNIFUND CCR PARTNERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Jensen ("Jensen") filed against Unifund CCR Partners ("Unifund") a one-count complaint for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Unifund filed a motion to transfer venue to the Western Division of the Northern District of Illinois. For the reasons stated in open court on May 10, 2006 and for the reasons set forth below, the motion to transfer venue is denied.

### I.   BACKGROUND

The following is taken from plaintiff's complaint. Defendant Unifund is in the business of buying bad credit card debt and trying to collect on it. In an attempt to collect a debt from plaintiff Jenson, Unifund filed a state-court complaint in the Circuit Court of Cook County (the "state-court case"). Jenson had the state-court case transferred to Jo Daviess County, where he lives.

In this case, Jenson alleges that Unifund violated the Fair Debt Collection Practices Act (the "Act") when Unifund filed the state-court complaint against Jenson. Specifically, Jenson alleges that Unifund included false statements in the complaint and, thereby, violated the Act.

Unifund now moves to transfer venue to the Western Division of the Northern District of Illinois.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Raddenbach v. Soo Line R.R. Co.*, No. 99 C 2588, 1999 WL 984393, 1 (N.D. Ill. Oct. 25, 1999). The Court considers three factors in determining whether to transfer the case: (1) whether venue is proper in both the transferor and transferee courts; (2) whether transfer is for the convenience of parties and witnesses; and (3) whether transfer is in the interest of justice. *Id*. It is within the sole discretion of the judge to determine the weight accorded to each factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

First, as Jenson concedes, venue would be proper either here or in the Western Division.

The second factor, convenience of the parties, suggests that the case should stay here. Generally, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re: Nat'l Presto Ind.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). This is particularly true here, where the events giving rise to the suit (Unifund's allegedly false statements in the complaint they filed in the Circuit Court of Cook County) took place here. *See Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995) ("the weight given to a plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim.").

In attempting to have this case transferred to the Western Division, Unifund "must clearly specify the key witnesses to be called and make a general statement of their testimony." *Chemical Waste Management, Inc. v. Sims*, 870 F. Supp. 870, 877 (N.D. Ill. 1994). The only person Unifund specifically mentions is Jenson, who admittedly lives closer to the courthouse in Rockford, but prefers coming here. The Chicago courthouse will likely be more convenient for other witnesses (including Unifund's state-court case attorneys, who are already in Chicago, and Unifund's corporate witnesses, who can more easily travel to Chicago than to Rockford). For these reasons, the convenience of the parties favors retaining the case in this division.

Finally, the Court considers the interest of justice. Because the case is likely to proceed at about the same pace in either the Eastern or Western Division, this factor cuts neither for nor against transfer.

Unifund has not established that transferring this case to the Western Division of the Northern District of Illinois would serve either (a) the convenience of the parties or the witnesses or (b) the interest of justice. Accordingly, the motion for transfer is denied.

### III. Conclusion

For the reasons set forth above and stated in open court on May 10, 2006, Unifund's motion to transfer venue is denied.

ENTER:

/s/ George M. Marovich

George M. Marovich
United States District Judge

DATED: 05/19/06